ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damiano Vidal Parks,<br><br>               Plaintiff,<br><br>v.<br><br>William G. Montgomery, et al.,<br><br>               Defendants. | No.  CV 14-2387-PHX-DGC (JZB)<br><br>**ORDER** |

On October 27, 2014, Plaintiff Damiano Vidal Parks, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. Subsequently, on November 14, 2014, Plaintiff filed a First Amended Complaint that superseded the original Complaint in its entirety. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). In a January 13, 2015 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On February 2, 2015, Plaintiff filed a Second Amended Complaint (Doc. 10). The Court will dismiss the Second Amended Complaint and this action.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

**II.      Second Amended Complaint**

As in his First Amended Complaint, Plaintiff names Maricopa County Attorney William G. Montgomery and Deputy Maricopa County Attorney Kurt N. Mills as

Defendants. Plaintiff requests that his pending state criminal charges be dismissed, and seeks monetary relief.

Plaintiff alleges that on September 11, 2014, he was supposed to receive a hearing in Maricopa County Superior Court in an underlying criminal case. According to Plaintiff, it had been agreed upon by himself, his attorney, and the Defendants that if the State's witnesses did not appear at the hearing, Plaintiff would be released from custody, although his charges would not be dropped or dismissed. Plaintiff alleges that the witnesses failed to appear, but that he was not released and instead had his hearing vacated in light of a supervening indictment.

### IV. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

#### A. Defendants are Immune

As explained in the January 13 Order, Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986). None of Plaintiff's allegations appear to concern any conduct by Defendants that would fall outside of those duties typically associated with "initiating a prosecution and

presenting the State's case." *Buckley*, 509 U.S. at 270.  Accordingly, Defendants are absolutely immune from suit, and will be dismissed.

### B. Abstention Doctrine

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.  Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's current state criminal prosecution.  *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (*per curiam*).  The *Younger* abstention doctrine also applies while the case works its way through the state appellate process.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system");  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.") .  Additionally, this Court only has jurisdiction to adjudicate issues that are currently in controversy and thereby ripe for review.  *18 Unnamed John Smith Prisoners v. Meese*, 871 F.2d 881, 883 (9th Cir. 1989).  Thus, if Plaintiff's criminal proceedings have not concluded, any issues related to those proceedings would not be ripe for federal review.  If relief is available to Plaintiff in connection with these proceedings, it lies in the state court.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

1  Repeated failure to cure deficiencies is one of the factors to be considered in deciding
2  whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.
3       Plaintiff has made three efforts at crafting a viable complaint and appears unable
4  to do so despite specific instructions from the Court.  The Court finds that further
5  opportunities to amend would be futile.  Therefore, the Court, in its discretion, will
6  dismiss Plaintiff's Second Amended Complaint without leave to amend.
7  **IT IS ORDERED:**
8       (1)   Plaintiff's Second Amended Complaint (Doc. 10) and this action are
9  **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment
10 accordingly.
11      (2)   The Clerk of Court must make an entry on the docket stating that the
12 dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).
13      (3)   The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
14 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of
15 this decision would not be taken in good faith.
16      Dated this 8th day of April, 2015.

David G. Campbell
United States District Judge